IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRAVIS DWAYNE CHANEY                                         PLAINTIFF

v.                            Civil No. 09-2160

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Travis Chaney, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.   **Procedural Background:**

The plaintiff filed his applications for DIB and SSI on April 20, 2006, alleging an onset date of January 2, 2003, due to chronic back pain, arthritis, pain in his left ankle, a hole in his left retina, a herniated disk in his back, pinched nerves, muscle spasms, osteoarthritis, hypertension, and obesity. Tr. 78, 102, 108-109, 130-135.

An administrative hearing was held on October 6, 2008. Tr. 454-496. Plaintiff was present and represented by counsel. At this time, plaintiff was 35 years of age and possessed a high school education and two years of college credit. Tr. 461-462. Plaintiff was also certified

AO72A
(Rev. 8/82)

as a massage therapist. He had past relevant work ("PRW") experience as an electrician's mate, press mill operator, and a clerk. Tr. 90-91, 103, 131.

On February 6, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's chronic lower back pain, obesity, hypertension, elevated transaminases, hyperlipidemia, and disk degeneration did not meet or equal any Appendix 1 listing. Tr. 20-24. He noted that Plaintiff had engaged in substantial gainful activity after his alleged onset date, earning $11,047.92 in 2003. However, although he continued to work in 2004 and 2005, his work did reach the level of substantial gainful activity. During the relevant time period, Plaintiff had also attended classes at the University of Arkansas in the hope of obtaining a degree in Kinesiology. The ALJ determined that plaintiff maintained the residual functional capacity ("RFC") to perform a limited range of light work involving no more than frequent climbing, balancing, kneeling, and crawling and occasional stooping and crouching. Tr. 24-29. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform work as a file clerk or hand packager. Tr. 30.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 29, 2009. Tr. 3-5. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 11, 12.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find

it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    A.    **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the RFC assigned by the ALJ. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Records indicate that Plaintiff had been diagnosed with herniated disks, degenerative disk disease, and osteoarthritic changes in his lumbar spine, as well as obesity. On October 29, 2003, Plaintiff reported marked lower back pain over the previous three days. Tr. 284-285. His pain reportedly increased with activity and coughing. X-rays revealed mild to moderate degenerative disk disease and osteoarthritic changes in the lower lumbar spine. An MRI in 2000 had also shown a large left disk herniation at the L4-5 level, a broad herniation at the L5-S1 level, and degenerative changes in the lumbar spine. Dr. Jesse Walker diagnosed Plaintiff with chronic lower back pain with exacerbation and obesity. He then prescribed Percocet. Tr. 284-285.

On September 30, 2005, Dr. Bill Payne, a non-examining, consultative doctor, completed a physical RFC assessment. Tr. 330-338. Based solely on Plaintiff's medical records, he determined that Plaintiff could perform a full range of light work. Tr. 330-338.

On June 6, 2006, x-rays of Plaintiff's lumbar spine revealed moderate to marked disk narrowing at the L4-5 level and lumbosacral junction and osteoarthritic changes involving the articulating facets of his lower lumbar spine. Tr. 442-444.

On July 22, 2006, Dr. Bill Payne completed a second physical RFC assessment of Plaintiff. Tr. 317-324. After reviewing Plaintiff's medical records, he concluded that Plaintiff could perform light work with occasional stooping and crouching. On March 1, 2007, Dr. Ronald Crow affirmed Dr. Payne's RFC assessment. Tr. 311.

On September 29, 2006, Dr. Walker, Plaintiff's treating physician, completed an RFC assessment. Tr. 306-310. He indicated that he had been treating Plaintiff approximately twice per year for the previous three years. Dr. Walker diagnosed Plaintiff with chronic pain syndrome, a herniated lumbar disk, depression, and obesity and documented Plaintiff's prognosis

5

to be poor. Plaintiff's symptoms were said to include diffuse pain and prominent feelings of depression. Specifically, he experienced marked pain in his lower back, wrists, ankles, knees, and sometimes in his shoulders and fingers. He explained that an MRI had revealed a large herniated disk at the L4-5 level and small herniation at the L5-S1 level. As a result, he had prescribed Methadone, Oxycodone, and Cyclobenzaprine, each causing sedation. Dr. Walker was not able to answer any questions concerning Plaintiff's ability to lift/carry, sit, stand, or walk during and eight-hour workday. His only comment was that Plaintiff experienced severe pain with walking more than a few yards. He also stated that Plaintiff suffered from severe pain that prevented him from participating in almost all activities. Further, Dr. Walker stated that Plaintiff did not tolerate stress well and that his pain would constantly interfere with the concentration and attention needed to perform even simple work tasks. He was also of the opinion that Plaintiff was likely to miss more than four days of work per month due to his impairments. Tr. 306-310.

On April 27, 2007, an MRI of Plaintiff's lumbar spine revealed degenerative disk disease at the L4-5 and L5-S1 levels. Tr. 381-382. A moderate central focal disk protrusion extending to the left foramina region, slightly displacing the left SI nerve root and causing moderate left foramina narrowing was also evident. Further, a diffuse central disk bulge with mild central protrusion was noted at the L4-5 level with moderate right and moderate left foramina narrowing. Tr. 381-382.

The record reveals that Plaintiff sought treatment for his back pain on a regular and consistent basis, obtaining monthly prescriptions for Cyclobenzaprine, Percocet, and Methadone. Tr. 142-151, 173-175, 193-199, 209, 218-239, 276-278, 281-290, 294-299, 410-416, 432-434, 442-453. We note that Methadone is a narcotic pain medication prescribed to treat moderate to

severe pain not otherwise respondent to non-narcotic pain medications. *See* Methadone, *at* http://www.ncbi.nlm.nih.gov (Jan. 28, 2011). Likewise, Percocet is a narcotic pain medication used to treat moderate to moderately severe pain. *See* Physician's Desk Reference Network, Percocet, *at* http://www.pdrhealth.com/drugs (Jan. 28, 2011).

The ALJ determined Plaintiff could perform light work; could frequently climb, balance, kneel, and crawl; and, could only occasionally stoop and crouch. However, given Plaintiff's diagnoses and the medications prescribed to treat his condition, we do not find substantial evidence to support this RFC assessment. It seems clear to the undersigned that an individual with herniated disks, osteoarthritis, degenerative disk disease, and obesity would have some limitations with regard to climbing, balancing, kneeling, crawling, sitting, walking, and standing. And, the record contains numerous complaints by Plaintiff concerning his inability to sit for extended periods, walk long distances, and climb. While we note that Dr. Walker stated he was unable to honestly evaluate Plaintiff's ability in these areas, we do believe there was sufficient evidence in the record to indicate that Plaintiff would likely suffer from limitations in these areas. As such, we believe that remand is necessary to allow the ALJ to reevaluate Plaintiff's RFC.

Records also indicate that Plaintiff was suffering from social anxiety, panic disorder, and major depression. In spite of medication therapy and counseling, Plaintiff was repeatedly assessed with Global Assessment of Functioning scores between 49 and 51. Tr. 394-397, 401-405, 410-416. This level of functioning is consistent with serious to moderate symptoms or serious to moderate impairment in social, occupational, or school functioning. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000). He was also

prescribed Xanax. Tr. 392-394, 394-397, 417-423. In spite of this evidence, however, we note that the ALJ did not request a mental RFC assessment from Plaintiff's treating doctor and counselor. Instead, he relied on the assessment of a non-examining, consultative doctor, who concluded that Plaintiff's mental impairment was non-severe. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities.). After reviewing the record, we do not find this assessment to be entitled to significant weight. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Accordingly, on remand, the ALJ is also directed to request a mental RFC assessment from Plaintiff's treating doctor and therapist.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 2nd day of February 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)